UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-9117-GW(VBKx) | Date | July 23, 2012 |
| Title | *Francisca Morales Contreras v. IndyMac Bank, F.S.B., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Anne Kielwasser | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Francisca Morales Contreras, pro se   Emily L. Murray

**PROCEEDINGS:** DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (filed 04/19/12)

The Court's Tentative Ruling is circulated and attached hereto. For reasons stated on the record, the motion is continued to **July 30, 2012 at 8:30 a.m.**

:  12

Initials of Preparer   JG

***Contreras v. IndyMac Bank, F.S.B., et al.***, Case No. CV-11-9117
Tentative Ruling on Defendants' (OneWest Bank, FSB; Deutsche Bank National Trust Company; Mortgage Electronic Registration Systems, Inc.; and Federal National Mortgage Association) Motion to Dismiss Plaintiff's Second Amended Complaint

## I. Background

Francisca Morales Contreras ("Plaintiff") filed her Second Amended Complaint ("SAC"), *in pro per*, on April 5, 2012. *See* Docket No. 35. Defendants OneWest Bank, FSB ("OneWest"), Deutsche Bank National Trust Company ("Deutsche"), Mortgage Electronic Registration Systems ("MERS") and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants") now move to dismiss the SAC. OneWest, which Plaintiff alleges was formally known as IndyMac Bank, FSB, was – in the form of IndyMac Bank, FSB – Plaintiff's lender in connection with a December 18, 2006 loan agreement. *See* SAC ¶¶ 4, 16-17.[1]

## II. Analysis

### A. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a court must (1) construe a complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the court is limited to the allegations on the face of the SAC (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.).

---

[1] OneWest, along with co-defendants (but not movants on this motion) Griffin Home Financial and Fidelity National Title Insurance Company, are referred to as "Defendants" in the SAC. *See* SAC ¶ 8. Thus, the term does not appear to include Deutsche, MERS or Fannie Mae, who do not appear in any way connected to the lending process in connection with Plaintiff's loans.

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)), *cert. denied*, 131 S.Ct. 3055 (2011). In other words, "'a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

"Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts and should be granted more liberally to pro se plaintiffs.'") (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (*en banc*)).

B. Plaintiff's Response(s)

Before assessing Defendants' arguments as to Plaintiff's various claims, the Court addresses issues relating to Plaintiff's opposition(s) to this motion. The Court recognizes that Plaintiff is *in pro per* and that English is not her primary language. For those reasons, the Court has allowed Plaintiff more than one continuance on this motion to allow Plaintiff time to obtain counsel, as she has suggested to the Court she had plans to

do. The Court has also allowed Plaintiff to file a supplemental opposition in connection with this motion. *See* Docket Nos. 55, 61; *see also* Docket Nos. 53-54.

Despite the flexibility the Court has afforded Plaintiff, the arguments she offers in opposition to Defendants' motion are largely non-responsive to the points Defendants raise therein. As a result, the Court in almost all respects has nothing more to inform its decision than Defendants' own views (in addition, of course, to the Court's own assessment of the SAC and its own research).

The Court notes that Plaintiff is already on her *Second* Amended Complaint in this case. When defendants moved to dismiss her original Complaint, *see* Docket No. 11, she timely filed a First Amended Complaint ("FAC") rather than oppose that motion. *See* Docket No. 16. When, again, the FAC was challenged by way of a motion to dismiss, the Court dismissed the FAC in its entirety without holding a hearing. *See* Docket No. 33. Plaintiff's failure to meaningfully address Defendants' arguments – in particular, their repeated argument that they are not named in connection with certain of Plaintiff's claims – informs the Court's consideration of whether it should afford further leave to amend, in addition to whatever it effect it has on the Court's consideration of the substantive merits of Defendants' various arguments.

C. Declaratory Relief[2]

Defendants argue that Plaintiff's declaratory relief claim includes no facts relating to them and that Plaintiff has not established a sufficient controversy involving them in connection with any of her other causes of action. The exact nature of Plaintiff's declaratory relief claim is indeed somewhat uncertain. *See* SAC ¶¶ 38-39. Because it appears to be tied to issues relevant to some of Plaintiff's many *other* claims, and because Plaintiff will have an opportunity to amend at least *a few* of those claims (as addressed further below), the Court would dismiss the declaratory relief claim with leave to amend at this time. Once the claims dismissed *without* leave to amend are excised from the pleadings, Plaintiff will be able to – and must – make the nature of her declaratory relief claim clearer.

D. Injunctive relief

Among other things, Defendants argue that injunctive relief is a remedy, not a

---

[2] In its headings, the Court repeats, verbatim, the labels Plaintiff uses for her claims for relief as they are reflected on the SAC's caption page(s).

3

claim for relief. They are correct. *See Roberts v. Los Angeles County Bar Ass'n*, 105 Cal.App.4th 604, 618 (2003). That *claim* would therefore be dismissed without leave to amend (though if Plaintiff is able to establish the need for such relief she may pursue it as a *remedy*).

   E.   "Determine Nature, Extent and Validity of Lien"

Defendants argue that Plaintiff's third claim for relief is premised upon the widely-rejected "produce the note" theory, which has no application under California's non-judicial foreclosure scheme. This claim appears to be centered upon Plaintiff's allegation that the defendants did not obtain or take actual possession of her original promissory note, meaning (according to Plaintiff) that they failed to comply with California Commercial Code § 9313 and never perfected their interest in her Deed of Trust, rendering their security interest void.

Plaintiff's original opposition on this motion appears to make clear that she is, indeed, demanding that someone "produce the note" in this case. Federal courts across California have rejected this exact claim (in fact, a claim characterized in the exact same way – "Determine Nature, Extent and Validity of Lien") because, among other things, California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. *See, e.g., Silva v. Saxon Mortg. Servs. Inc.*, No. 2:11-cv-03125-MCE-JFM, 2012 U.S. Dist. LEXIS 88459, *18-20 (E.D. Cal. June 26, 2012); *Legrama v. Fremont Inv. & Loan*, No. C 10-02945 MEJ, 2010 U.S. Dist. LEXIS 126784, *39-41 (N.D. Cal. Dec. 7, 2010); *see also Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal.App.4th 433, 440-42 (2012). Plaintiff has provided no basis for how she can, or any reason for why she should be allowed to, amend this claim. It would therefore be dismissed without leave to amend.

   F.   Contractual Breach of Good Faith Fair Dealing

Among other points, Defendants argue that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing does not reference any of them. In addition, the claim appears to concern events occurring at origination of the loan, *see* SAC ¶¶ 54, 56, as to which the applicable statute of limitations would have run (origination having occurred in 2006). *See Ladd v. Warner Bros. Entm't, Inc.*, 184 Cal.App.4th 1298, 1309 n.7 (2010) (indicating that four-year statute of limitations under

4

Cal. Code Civ. Proc. § 337(1) would apply to claim for breach of the implied covenant of good faith and fair dealing).

At a minimum, there is no suggestion in this claim why Deutsche, MERS, or Fannie Mae are named as defendants. There is no allegation that they have any contract with Plaintiff, and absent a contract, there is of course no implied covenant of good faith and fair dealing. Plaintiff offers no response in connection with this issue or any reason to believe that she can amend the claim as to those three defendants. As such, the claim would be dismissed without leave to amend as to Deutsche, MERS and Fannie Mae.

OneWest, of course, is alleged to have been Plaintiff's lender (or at least a successor to her lender). While it is true that the claim at least principally appears to concern events occurring at the time of origination, the Court cannot be certain of that limitation given Plaintiff's glaringly inexact reference to "the events alleged in this Complaint." SAC ¶ 55. Because the Court cannot be certain as to what "events" Plaintiff refers to, it cannot determine any statute of limitations issue as a matter of law at this time. At the same time, given its vague nature, the Court cannot be certain that Plaintiff has pled any implied covenant claim that would fall *within* the applicable statute of limitations or even whether she has adequately pled the elements of her claim. The Court would give Plaintiff one opportunity to clarify exactly what "events" give rise to her implied covenant claim and, in particular, whether any of those "events" would fall within the statute of limitations. As to OneWest, therefore, the claim would be dismissed with leave to amend.

G. <u>Violations of TILA</u>

Again, Defendants note that there are no allegations concerning them in Plaintiff's TILA claim and that the violations appear to concern origination-related activities and omissions. *See* SAC ¶¶ 30, 61-63, 65-66. Indeed, in one of the few arguments in her original opposition that could be understood as addressing her particular claims, Plaintiff appears to concede that she is concerned about the failure of some defendant to provide her with proper disclosures concerning her loan and interest rate. TILA's statute of limitations would therefore bar her claim, absent tolling. *See* 15 U.S.C. §§ 1635(f), 1640(e).

Although Plaintiff claims that any statute of limitations was tolled because of the

5

failure to provide the required disclosures and notices, *see* SAC ¶ 64, this is not how tolling works in connection with TILA's disclosure requirements. At any point in time after she obtained her loan Plaintiff could have determined what she had been provided and what she had not been provided in comparison to what TILA required that she be provided. Nothing stopped her from doing so and the SAC actually indicates that she did eventually engage in such an analysis by way of a "Forensic Audit Report." SAC ¶ 71. There is therefore no basis for tolling Plaintiff's TILA claim(s). *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Any TILA claim would be dismissed without leave to amend.

### H. Violations of RESPA

Again, among other things, Defendants note that there are no allegations concerning them in Plaintiff's RESPA claim, which (at least at this point in time) appears to concern only a "yield spread premium" violation at origination. *See* SAC ¶¶ 11, 24, 74-77, 79. As to the "yield spread premium" claim, because Plaintiff has not identified any way in which Deutsche, MERS or Fannie Mae were involved, nor any way in which she could amend as to those defendants, the motion would be dismissed without leave to amend.

As to OneWest's liability, if any, for a yield spread premium violation occurring at the time the loan was issued, any claim would be time-barred, absent tolling. *See* 12 U.S.C. § 2614. Plaintiff has not presently pled any basis for tolling, but she conceivably might be able to. Therefore, as to OneWest, the claim would be dismissed with leave to amend.[3]

### I. Violation of California Civil Code 1918-1920.1921[4]

As to this claim, Defendants again argue that there are no facts alleged against

---

[3] This Court's subject matter jurisdiction appears to rest only on the fact that Plaintiff's SAC contains TILA and RESPA claims (along with supplemental jurisdiction over the remaining state law claims). *See* SAC ¶ 1. Because Plaintiff should be allowed leave to amend her RESPA claim, because (as addressed further below) her present SAC suggests there might be still other federal law-based claims Plaintiff may wish to add, and because there are other defendants named in this case who are not party to the present motion, it does not appear that the Court's discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction comes into play in this action at this time.

[4] The name Plaintiff gives to this claim for relief inside the body of her SAC – "Violation of California Civil Code § 1918.5-1921.1920," SAC at 21:12 – varies from that which is recited on the SAC's caption page(s).

them and that the claim would be preempted by 12 C.F.R. § 560.2, because it would be an attempt to impose servicing and origination obligations. Again, because Plaintiff has not identified any way in which Deutsche, MERS or Fannie Mae were involved in the conduct forming this alleged violation, nor any way in which she could amend as to those defendants, this claim would be dismissed without leave to amend at least as to them.

As to OneWest, Plaintiff has not responded to the argument centered upon the preemptive effect of 12 C.F.R. § 560.2, a regulatory provision several courts have relied upon in determining that claims under Civil Code §§ 1918-21 are barred. *See, e.g., Garcia v. Wachovia Mortg. Corp.*, 676 F.Supp.2d 895, 913 (C.D. Cal. 2009); *Esoimeme v. Wells Fargo Bank*, No. CIV S-10-2259 JAM EFB PS, 2011 U.S. Dist. LEXIS 98492, *35-37 (E.D. Cal. Sept. 1, 2011); *Gens v. Wachovia Mortg. Corp.*, No. 10-CV-01073-LHK, 2011 U.S. Dist. LEXIS 33, *24-27 (N.D. Cal. Jan. 3, 2011); *Giordano v. Wachovia Mortg., FSB*, No. 5:10-cv-04661-JF, 2010 U.S. Dist. LEXIS 136284, *7-10, 16 (N.D. Cal. Dec. 14, 2010); *Mesde v. Am. Brokers Conduit*, No. C 09-02418 JF (RS), 2009 U.S. Dist. LEXIS 59632, *12 (N.D. Cal. June 30, 2009). She has therefore conceded the point. Section 560.2 does appear to preempt the types of information Plaintiff alleges she was entitled to under the cited provisions of the California Civil Code. *See* SAC ¶¶ 82-85; 12 C.F.R. § 560.2(b)(4), (9); *see generally Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008). The claim would therefore likewise be dismissed without leave to amend as to OneWest.

  J. <u>Violation of California Civil Code 2932.5</u>

California Civil Code § 2932.5 provides as follows:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

Cal. Civ. Code § 2932.5. Plaintiff alleges that any assignment of her note by MERS is a nullity because MERS never had a beneficial interest in the note. *See* SAC ¶ 90. Defendants argue that MERS was the nominee under both loans at issue here, and that it was free to assign its authority as such. Moreover, Defendants assert that the argument that MERS somehow lacked a possessory interest in the Note has been foreclosed by a

7

recent California Court of Appeal decision.

The Court need not reach either of Defendants' arguments, however, because it can rule, as a matter of law, that section 2932.5 has no application to deeds of trust in which the power of sale is granted to a third party, as is the case here. *See* Request for Judicial Notice (Docket No. 39), Exhs. A-B; *see also Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal.App.4th 1495, 1509-10 (2012); *Haynes v. EMC Mortg. Corp.*, 205 Cal.App.4th 329, 332-37 (2012). There being no indication that Plaintiff can somehow plead around this conclusion, the Court would dismiss the claim without leave to amend.

K. <u>Violation of California Civil Code 1916.7 B</u>

For the same reason as addressed above in connection with Civil Code sections 1918-1921, Plaintiff's claim of a violation of Civil Code section 1916.7(b) is preempted by 12 C.F.R. § 560.2(b)(4). *See, e.g., Garcia*, 676 F.Supp.2d at 913; *see also* SAC ¶ 93. The Court would therefore dismiss it without leave to amend.

L. <u>Violation of 2924</u>

Among other things, Defendants argue that Plaintiff cannot make out any wrongful foreclosure-type claim in connection with California Civil Code § 2924 because she has not made a tender offer, nor has she shown any prejudice from any purported mistakes in the foreclosure process. Defendants are correct – Plaintiff has not alleged a willingness or ability to tender, nor indicated that she could do so. Thus, any claim for violation of Civil Code section 2924 and/or wrongful foreclosure cannot proceed. *See, e.g., Rodrigues v. FDIC*, No. C-12-1243 EMC, 2012 U.S. Dist. LEXIS 74967, *14 (N.D. Cal. May 30, 2012). The claim would be dismissed without leave to amend.

M. <u>Recission [*sic*]</u>

Again, among other things, Defendants point out that Plaintiff has not offered to tender, which precludes her from obtaining rescission. In addition, Defendants view Plaintiff's request for rescission as being derivative of her flawed TILA and RESPA claims. Plaintiff's claim is indeed based, at least in part, on the alleged TILA and RESPA violations. *See* SAC ¶¶ 102-03. To the extent it is based thereon, the claim is barred for the reasons addressed above in connection with those claims. To the extent it is also based on other allegations, *see id.* ¶ 102, or to the extent it would be based on any Qualified Written Request-based RESPA allegations Plaintiff might add by way of

amendment (as addressed further below), Plaintiff's failure to tender would bar the claim. *See Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104, 112 (2011). For all of these reasons, the claim would be dismissed without leave to amend.

N. Fraud – California Civil Code § 1572

Defendants argue that Plaintiff fails the Federal Rule of Civil Procedure 9(b) particularity requirement (and the requirements under California law for pleading a sufficient fraud claim against corporate defendants) for her fraud claim, at least as to them, because there are no allegations involving them. In addition, her fraud claim – like several of her other claims – appears to concern the origination of her loan, meaning that it would ordinarily be time-barred. *See* SAC ¶ 15 (referencing intentional concealment of "negative implications of the loan they were offering"); *see also id.* ¶ 21.

As Defendants have argued, Plaintiff's fraud claim is insufficiently particular under Federal Rule of Civil Procedure 9(b) and appears to involve origination-related activities. *See id.* ¶¶ 107-11; *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). If Plaintiff is to survive the pleadings on her fraud claim, she will have to amend in line with Rule 9(b)'s requirements, and in a way that demonstrates either that her claim would fall within the applicable statute of limitations under California law or that her claim would be timely because of some application of an applicable tolling doctrine, delayed discovery or other basis for making an otherwise-time-barred claim timely. Because, however, there is no indication for why this claim relates to Deutsche, MERS or Fannie Mae, the claim would be dismissed without leave to amend as to those defendants. As to OneWest, it would be dismissed with leave to amend.

O. Unfair and Deceptive Acts and Practices (UDAP)[5]

As with many others, Defendants' argument on these claims is founded upon the contention that the actions at issue appear to concern allegations of predatory lending and

---

[5] Defendants combine their response here with their response to Plaintiff's separate (and last) claim for Predatory Lending; California Business and Professions Code 17200. The treatment of that claim, therefore, would presumably accord with the outcome of this claim.

9

other origination-related wrongdoing, and that there is no indication that Defendants' conduct is at issue. *See, e.g.*, SAC ¶ 21. At least as it relates to Deutsche, MERS and Fannie Mae, Defendants are correct. *See also id.* ¶ 115. For that reason, and because Plaintiff has indicated no ability to amend as to them, the Court would dismiss this claim without leave to amend as to Deutsche, MERS and Fannie Mae.

Defendants' only other argument directed at this claim – *i.e.*, the only one that could possibly serve to dismiss the claim as to OneWest – concerns their belief that Plaintiff has otherwise failed to demonstrate a "predicate" violation of another statute. However, section 17200 is written in the disjunctive, which includes "unfair" and "fraudulent" conduct – addressing the "unlawful" prong does not serve to demonstrate a deficiency in the claim in general. For that reason, the Court would be inclined to deny Defendants' motion as it relates to this claim (though only as to OneWest, and even then OneWest could always make a different pleadings-based argument pursuant to a motion under Fed. R. Civ. P. 12(c)).

P. <u>Unconscionability</u>[6]

Here, Defendants take the position that Plaintiff's claim is essentially unintelligible, is apparently based upon New York law and the securitization of Plaintiff's loan, and is founded upon what is actually a *defense* to a contract claim, not an affirmative claim in and of itself.

This claim appears, to at least some degree, to derive from similar arguments Plaintiff asserts in connection with her "Determine Nature, Extent and Validity of Lien" and section 2932.5 claims. *See* SAC ¶¶ 118-20, 122, 139, 145, 154. For the same reasons as addressed above in connection with those claims, this claim could not proceed based upon those arguments.

Insofar as Plaintiff's claim is based upon the securitization agreement affecting her loan, *see id.* ¶¶ 122, 124, 135-38, 140-44, 146-47, 149-54, she is not a party to that agreement and therefore has no standing to pursue any claim based upon any violation thereof. Countless courts, including this one, have reached the same conclusion on numerous occasions. *See, e.g., Bernardi v. JPMorgan Chase Bank, N.A.*, No. 5:11-cv-04212 EJD, 2012 U.S. Dist. LEXIS, *5-8, 10 (N.D. Cal. June 20, 2012); *Tang v. Bank of*

---

[6] In the body of the SAC, Plaintiff captions this claim as "Unconscionability – UCC-2-3202." SAC at 27:25-26.

*Am., N.A.*, No. SACV 11-2048 DOC (DTBx), 2012 U.S. Dist. LEXIS 38642, *23 (C.D. Cal. Mar. 19, 2012).

To the extent Plaintiff's claim is for "unconscionability" or some violation of UCC 2-3202, her claim fails as well. *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1205 (9th Cir. 2010) ("Under California law…unconscionability is an affirmative defense, not a cause of action.") (omitting internal citation), *cert. denied sub nom. Capital One Bank (USA), N.A. v. Rubio*, 131 S.Ct. 1817 (2011); *Carnero v. Fed. Home Loan Mortg. Corp.*, No. C 11-01029 WHA, 2012 U.S. Dist. LEXIS 7446, *12-13 (N.D. Cal. Jan. 23, 2012) (indicating that UCC section 2-3202, which is codified in California in Civil Code § 1670.5, "does not create an affirmative claim for unconscionability but merely codifies the defense of unconscionability to contract formation").

For all of these reasons, the Court would dismiss this claim without leave to amend.

Q. <u>Lack of Standing</u>

Again, Defendants argue that Plaintiff's "lack of standing" claim is unintelligible, and that if it is based upon either a "produce the note" theory or Plaintiff's TILA claim(s), it is flawed for the reasons stated above. The Court agrees with Defendants' characterization of this claim as it is pled in the SAC. *See* SAC at 35:22-37:11.

In her opposition, Plaintiff appears to assert that, due to the securitization of her loan, only the certificate holders of the securitized trust holding her loan have standing to foreclose.[7] However, California courts have clearly indicated that a homeowner has no ability to bring "a preemptive suit challenging standing" "to initiate a foreclosure proceeding." *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal.App.4th 42, 46 (2011). There is no obligation under California law to prove entitlement to enforce a security instrument by way of a non-judicial foreclosure. As such, whether or not Plaintiff's loan is part of a mortgage-backed security that is still trading on the market is completely irrelevant to this case.

The Court would likewise dismiss this claim without leave to amend.

R. <u>Breach of Fiduciary Duty</u>

Finally, as to Plaintiff's breach of fiduciary duty claim, Defendants again note that

---

[7] Plaintiff again takes this position in her "Additional Brief" filed July 9, 2012. *See* Docket No. 61.

11

none of Plaintiff's allegations appear to concern them, but instead relate to origination (and note that lenders do not have a fiduciary duty *vis a vis* borrowers in any event, *see Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991)). *See* SAC ¶¶ 31, 156-57.[8] In her opposition, Plaintiff confirms that her fiduciary breach claim relates to the origination of her loan. Both because the allegations do not concern Deutsche, MERS and/or Fannie Mae, and because not even the lender would have owed a fiduciary duty to Plaintiff, the Court would dismiss this claim without leave to amend.

S.  Further Amendments

As discussed above in more detail, Plaintiff may attempt to amend certain of the claims. Plaintiff also appears to suggest in her SAC that she might have a Qualified Written Request-related claim under RESPA, and/or some claim(s) under the Fair Debt Collections Practices Act and/or Federal Trade Commission Act. *See* SAC ¶¶ 34, 36(a)-(b). However, she has not, to this point, attempted to make out such a claim. The Court will give her a *final* opportunity to do so when she amends her other still-potentially-viable claims.

The Court also notes Plaintiff's request that she be allowed to further amend her SAC to include allegations relating to the fact that her loan has been securitized. *See* Docket No. 53. In the countless number of foreclosure cases it has handled, the Court has yet to encounter a securitization-related theory that is in any way viable. It has already noted above the deficiencies associated with those allegations insofar as they might conceivably relate to any of the claims Plaintiff has already asserted in this case. Plaintiff offers no indication of any other claim that she feels she might have – let alone that she might prevail upon – in connection with the securitization of her loan.[9] Unless she gives the Court an idea of some concrete claim she believes she might have and the Court concludes that such a claim has a chance of surviving any pleadings-based

---

[8] The paragraphs falling within the breach of fiduciary duty claim in the portion of the SAC that is nominally devoted to the breach of fiduciary duty claim instead appear to concern allegations relating to Plaintiff's unconscionability claim. *See* SAC ¶¶ 160-63. Paragraphs 156 and 157, which fall within that portion of the SAC that is nominally devoted to Plaintiff's "Lack of Standing" claim appear to relate to her fiduciary duty theory, and concern origination, as Defendants argue.

[9] That her loan would be securitized is not a basis for Plaintiff to assert fraud in the inducement of her loan. Her loan's status as, in effect, a securitized investment *to others* does not change the fact that the loan was, as to her, *a loan*. Plaintiff clearly understood that she was obtaining a loan in connection with the financing of her home, and that is, in fact, what she obtained.

challenge to it, leave to amend to include further allegations regarding securitization would be denied.

T. Conclusion

The Court would dismiss, without leave to amend, the following claims, at a minimum: Injunctive Relief (again, just the "injunctive relief" *claim*); Determine Nature, Extent and Validity of Lien; Contractual Breach of Good Faith Fair Dealing (as to Deutsche, MERS and Fannie Mae); Violations of TILA; Violations of RESPA (as to Deutsche, MERS and Fannie Mae, only insofar as Plaintiff's RESPA claim concerns allegations of "yield spread premium"-related violations); Violation of California Civil Code 1918-1920.1921; Violation of California Civil Code 2932.5; Violation of California Civil Code 1916.7 B; Violation of 2924; Recission [*sic*]; Fraud – California Civil Code § 1572 (as to Deutsche, MERS and Fannie Mae); Unfair and Deceptive Acts and Practices (UDAP) and Predatory Lending/California Business and Professions Code 17200[10] (as to Deutsche, MERS and Fannie Mae); Unconscionability; Lack of Standing; and breach of fiduciary duty.

The Court would dismiss, with leave to amend, the following claims: Declaratory Relief; Contractual Breach of Good Faith Fair Dealing (as to OneWest); Violations of RESPA (as to OneWest); and Fraud – California Civil Code § 1572.

Because of the limited nature of Defendants' arguments on the claims, the Court would *deny* the motion with respect to Plaintiff's Unfair and Deceptive Acts and Practices (UDAP) and Predatory Lending/California Business and Professions Code 17200[11] claims insofar as it relates to OneWest.

Further, the Court would allow Plaintiff to amend to give her one last chance to add any other "new" claims she might have that she has not included thus far (with the caveat concerning securitization theories, as addressed above). *See, e.g.,* SAC ¶¶ 34, 36(a)-(b).

---

[10] *See* Footnote 5, *supra.*

[11] *See* Footnote 5, *supra.*