*MADE JS-6*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9117-GW(VBKx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Francisca Morales Contreras v. IndyMac Bank, F.S.B., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

On July 30, 2012, the Court granted in part and denied in part a motion to dismiss the Second Amended Complaint ("SAC") filed by plaintiff Francisca Morales Contreras ("Plaintiff") in this case. *See* Docket No. 69.  The Court had earlier indicated to her that the subsequent chance to amend would be her *final* chance to amend, at least insofar as her ability to add any new claims in this action. *See* Docket No. 67, at 12-13.  This approach was supported by the substantial flexibility the Court had afforded her in her attempts to state a claim, oppose pending motions and secure an attorney, which such flexibility is reflected by the record in this case.  *See also id.* at 2-3.

On September 10, 2012, Plaintiff filed her Third Amended Complaint ("TAC").  Unlike the SAC, it contains no claims arising under federal law and states no claims against Federal National Mortgage Association.  To this point in time, no party – and certainly not Plaintiff, who has the burden on the issue – has asserted that this Court has subject matter jurisdiction over this action by way of anything other than federal question jurisdiction (and supplemental jurisdiction).  When a party amends her pleading so as to remove all anchors for federal question jurisdiction, the Court no longer has subject matter jurisdiction, even pursuant to 28 U.S.C. § 1367 (unless there is some other basis for jurisdiction present).  *See* Schwarzer, Tashima, et al., <u>California Practice Guide: Federal Civil Procedure Before Trial</u> (2011) § 2:570, at 2B-34 – 35 ("Where an amended complaint (filed either as a matter of right or by leave of court) drops a federal claim, the amended pleading *supersedes* the original pleading in determining federal jurisdiction.") (citing *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)).

Even if that rule were inapplicable here because the TAC came about only as a result of this Court's ruling on the SAC and not by way of motion for leave to amend, *see Prince v. Rescorp Realty*,

Initials of Preparer      JG

*MADE JS-6*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9117-GW(VBKx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Francisca Morales Contreras v. IndyMac Bank, F.S.B., et al.* | | |

940 F.2d 1104, 1105 n.2 (7th Cir. 1991) (involving a case *removed* to federal court), the Court still would not exercise supplemental jurisdiction over the state law claims which are the sole remaining claims in this action. "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). Federal courts should be particularly wary of retaining state law claims when "the federal-law claims have dropped out of the lawsuit in its early stages." *Carnegie-Mellon*, 484 U.S. at 350; *see also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed."). Additionally, courts should be reluctant to gratuitously encroach upon state courts' authority in adjudicating claims based on state law. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As such, the Court would dismiss the remaining claims on jurisdictional grounds even if supplemental jurisdiction principles still applied in this situation.

Given this result, the Court will not reach the presently-pending motion to dismiss the TAC. The Court does, however, note that, in opposing that motion, Plaintiff indicated a desire to file a *Fourth* Amended Complaint ("FAC"). In fact, she attempted to file an FAC on October 18, 2012. While that FAC *would* include claims arising under federal law, the Court had already indicated to her in July that the TAC – which contained no basis for federal jurisdiction – would be her last opportunity to amend, at least in terms of adding any new claims. Having taken that opportunity to, in part, rid her pleadings of any federal law-based claims, that was the course Plaintiff elected. The Court denies her attempted filing of the FAC for this reason and because, once the TAC became the operative pleading, there was no longer any basis for its subject matter jurisdiction over the action.

As such, Plaintiff's case is dismissed for lack of subject matter jurisdiction and the November 8, 2012, hearing on the pending motion to dismiss is vacated as moot. To the extent Plaintiff wishes to continue with this litigation, she must do so in a forum which properly has jurisdiction over it.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

                                             :

Initials of Preparer    JG